UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW EVAN HOWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02359-JPH-MKK |
| | ) | |
| JACKSON COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADDRESSING CASE, SCREENING COMPLAINT, AND
DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Andrew Howland alleges that the Jackson County Sheriff's

Department violated several federal statutes and the Fourth Amendment by

unlawfully accessing electronic communications during an investigation of a

missing 13-year-old.  *See* dkt. 1.  Mr. Howland has paid his initial partial filing

fee, dkt. 14, so the complaint is ready for screening.  The Court also addresses

several matters relating to case management.

**I.
Motion to Resend Document**

Mr. Howland filed motions to resend any Court correspondence

previously sent to him.  Dkt. [12]; dkt. [15].  The motions are **GRANTED** to the

extent the Clerk shall attach to this order Mr. Howland's complaint and

exhibits, dkt. 1, and the magistrate judge's notice of availability, dkt. 3, to the

address in the distribution section of this Order.[1] **The Clerk is directed** to update Mr. Howland's address in accordance with this Order.

## II.
## Redaction of Complaint

Mr. Howland's complaint, dkt. 1, includes the name of an individual known to be a minor and their birthdate. *See, e.g.*, dkt. 1 at 3, 13–14; dkt. 1-1; dkt. 1-2; dkt. 1-3; dkt. 1-4. Under Federal Rule of Civil Procedure 5.2(a), a filing with the Court must include only the minor's initials and the last year of the individual's birth. The Court has sealed the filing. *See* Fed. R. Civ. P. 5.2(d).

Mr. Howland is **ORDERED** to file a redacted version of his complaint—including the exhibits—for the public record **by February 24, 2023**. In the redacted copy, the name of the minor must be referred to only by their initials and shall not include a full birthdate.

## III.
## Screening Standard

Because Mr. Howland is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether Mr. Howland's

---

[1] The Court has obtained an approved "Control Number" to be able to send mail to this address. See dkt. 12 at 1; dkt. 1 at 24.

complaint states a claim, the Court applies the same standard as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter,
> accepted as true, to state a claim for relief that is
> plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are construed

liberally and held to a less stringent standard than formal pleadings drafted by

lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## IV.
## The Complaint

Mr. Howland alleges that, during the investigation of a missing 13-year-

old child named M.J.C., the Jackson County Sheriff's Department illegally

accessed his and M.J.C.'s cell phone data. Dkt. 1 at 3, 6–12 (Compl. ¶¶ 8–10,

31–35).  As a result of this investigation, Mr. Howland was charged and

convicted of multiple crimes related to his kidnapping and abuse of MJ.C.,

including child pornography.  *See* dkt. 1 at 5 (Compl. ¶ 22); *Commonwealth v.*

*Howland*, No. 61 MDA 2022, 2022 WL 16832489, at *1 (Pa. Super. Ct. Nov. 9,

2022).  He was sentenced to 30 to 105 years in prison.  Dkt. 1 at 5 (Compl. ¶

22); *Howland*, 2022 WL 16832489, at *4.

In the days after M.J.C.'s disappearance, a Jackson County detective

accessed M.J.C.'s Snapchat and Facebook accounts with "illegally obtained"

"log-in information" to start an investigation of Mr. Howland.  Dkt. 1 at 4

3

(Compl. ¶¶ 12–17).  After, the detective contacted Snapchat and obtained Mr. Howland's personal information.  *Id.* (Compl. ¶ 18).  After a request to Verizon, the Sheriff's Department also obtained Mr. Howland's "real-time GPS location through 'pings'" to Mr. Howland's cell phone.  *Id.* (Compl. ¶¶ 19–20).  This data led to Mr. Howland's arrest.  *Id.* at 5 (Compl. ¶¶ 21–22).

Mr. Howland claims that "[a]t no point, either during the investigation or after it," did anyone "at the Jackson County Sheriff's Department" "apply for or obtain any search warrants or court orders for any of the searches or interceptions they conducted."  *Id.* at 5–6 (Compl. ¶ 28).  He therefore claims the Sheriff's Department's actions violated federal laws that protect electronic communications, *see* 18 U.S.C. §§ 2701, 2511, statutes that bar unlawful searches, *see id.* § 2236, and the Fourth Amendment to the U.S. Constitution, and therefore deprived his rights under color of law, *see id.* § 242.  Dkt. 1 at 6–12 (Compl. ¶¶ 31–35).

## V.
## Discussion of Claims

Liberally construed, the complaint's allegations are sufficient to plausibly assert claims under the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and the Wiretap Act, 18 U.S.C. 2511 *et seq.*  Additionally, the allegations in the complaint are sufficient to plausibly assert a federal Fourth Amendment claim for an unlawful search under 42 U.S.C. § 1983.  These claims **shall proceed**.

However, Mr. Howland's claims under 18 U.S.C. § 2236 and 18 U.S.C. § 242 **are dismissed**.  These are criminal statutes; they do not contain private rights

4

of action.  *See Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action.").

No other claims have been identified in the complaint.  If Mr. Howland believes that the Court has overlooked a claim, he shall have through **February 24, 2023**, to identify those omissions to the Court.

Nothing in this Order prevents the proper filing of a motion under Rule 12.

## VI.
## Directing Service of Process and Conclusion

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Jackson County Sheriff's Department in the manner specified by Rule 4(d).  Process shall consist of the complaint and attached exhibits, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.  Mr. Howland's motion to serve, dkt. [16], is **GRANTED** to this extent.

For the foregoing reasons, dkts. [12] and [15] are also **GRANTED**.  The **Clerk is directed** to update Mr. Howland's address as reflected in the distribution section.

**SO ORDERED.**

Date: 2/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANDREW EVAN HOWLAND
QN6721
SCI BENNER TOWNSHIP
301 Institution Drive
Bellefonte, PA 16823

JACKSON COUNTY SHERIFF'S DEPARTMENT
150 East SR 250
Brownstown, IN 47220