UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW EVAN HOWLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-02359-JPH-MKK |
| JACKSON COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING MOTION TO AMEND, DENYING MOTION TO DISMISS, AND DENYING MOTION TO STRIKE, AND MOTION TO ALLOW**

Andrew Howland alleges in this lawsuit that the Jackson County Sheriff's Department violated several federal laws and the Fourth Amendment during an investigation of a missing 13-year-old. The Sheriff's Department has moved to dismiss Mr. Howland's claims. Mr. Howland opposes the motion and has filed a motion to amend. For the following reasons Mr. Howland's motion to amend is **GRANTED** and the defendant's motion to dismiss is **DENIED AS MOOT**.

I. Standards

**A. Motion to Dismiss**

A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The question is whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To satisfy this threshold, the allegations must "raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation marks omitted). This standard

1

requires plaintiffs to "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). In reviewing a Rule 12(b)(6) motion to dismiss, courts must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).

### B. Motion to Amend

A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although generously phrased, this rule still leaves a district judge with "broad discretion" to deny leave to amend, such as where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would result; or where amendment would be futile. *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016). "Amendment is futile when it seeks to add a new claim that does not allege a viable theory of liability." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

### II. Discussion

The Court screened the complaint as required by 28 U.S.C. § 1915A(b) and allowed Mr. Howland's claims under the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, the Wiretap Act, 18 U.S.C. 2511 *et seq.*, and the Fourth Amendment to proceed. The Sheriff's Department seeks dismissal of Mr. Howland's claims arguing that, because it is a municipality, and because he did not allege that the alleged violations of his rights resulted from a policy, practice, or custom on the part of the Sheriff's Department, Mr. Howland has failed to

2

state a claim against it under Fourth Amendment. The Sheriff's Department further argues that it is not liable under the Federal Wiretap Act because Mr. Howland's claims necessarily imply the invalidity of his conviction, so they are barred by the doctrine recognized in *Heck v. Humphrey*, 512 U. S. 477, 486–87 (1994), and that he has failed to state a claim under the Stored Communications Act. Mr. Howland opposes the motion and further seeks leave to amend his complaint asserting claims against individual defendants, rather than the Sheriff's Department. The Sheriff's Department responds that amendment would be futile because, even if he names individual defendants, Mr. Howland's claims are still barred by *Heck*.

Leave to amend "should be freely given when justice so requires." Fed. R. Civ. 15(a)(2). Further, while the Sheriff's Department opposes the motion to amend arguing that such amendment would be futile, the Sheriff's Department has failed to show that Mr. Howland's claims *necessarily* imply the validity of his conviction and are therefore barred by *Heck*. Indeed, the Seventh Circuit has "stated repeatedly that most Fourth Amendment claims can go forward despite the rule of *Heck*," *Easterling v. Moeller*, 334 F. App'x 22, 24 (7th Cir. 2009) (collecting cases), because "misconduct by the police does not (at least, need not) imply the invalidity of any particular conviction." *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). Moreover, "[c]ourts around the country have routinely held that it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend, particularly when the futility arguments are duplicative of arguments raised in a motion to dismiss." *MSP Recovery Claims,*

*Series LLC v. Mallinckrodt ARD, Inc.*, No. 3:20-cv-50056, 2022 WL 3369275, at *4 (N.D. Ill. Aug. 16, 2022) (citing *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) (collecting cases)).

### III. Conclusion

As discussed above, Mr. Howland may yet be able to state viable claims. Accordingly, his motion to amend, dkt. [37], is granted. He must, however, file an amended complaint that will completely replace the original complaint. *See* S.D. Ind. Local Rule 15-1; *see also Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Mr. Howland will have **through September 14, 2023**, to file an amended complaint.

Any amended complaint should have the proper case number, 1:22-cv-2359-JPH-MKK and the words "Amended Complaint" on the first page. The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Because Mr. Howland is permitted to file an amended complaint, the defendant's motion to dismiss, dkt. [31], the motion to strike, dkt. [39], and the motion to allow surreply, dkt. [42], are all denied as moot.

**SO ORDERED.**

Date: 8/17/2023

        *James Patrick Hanlon*
        James Patrick Hanlon
        United States District Judge
        Southern District of Indiana

Distribution:

ANDREW EVAN HOWLAND
QN6721
SCI BENNER TOWNSHIP
301 Institution Drive
Bellefonte, PA 16823

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Katherine Elizabeth Tapp
KIGHTLINGER & GRAY LLP
ktapp@k-glaw.com